UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES A. PIGGEE, individually and as an officer of G.E.M.S., Inc. and DOES 1-149, yet unidentified African Americans, | ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 2:08-CV-107-PPS |
| v. | ) ) | |
| COLUMBIA SUSSEX CORPORATION d/b/a BATON ROUGE MARRIOTT and KELLY JO BOWMAN, in her personal and official capacities, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court upon Defendant Columbia Sussex Corporation's Motion to Dismiss Pursuant to Rule 12(b)(6) or Alternatively for Summary Judgment. [DE 4.] Plaintiff James Piggee acknowledges that Columbia Sussex is not the correct name of the defendant and that it should have instead included Columbia Properties Baton Rouge, Ltd. as the company defendant in its complaint. In his response, Piggee does not argue that Columbia Sussex ought to be dismissed, but requests permission to amend his complaint to add Columbia Properties as a party. Columbia Sussex's motion, being unopposed, is **GRANTED.** Neither Columbia Sussex nor Columbia Properties has replied to Piggee's request to amend the complaint. For the reasons stated below, that motion is also **GRANTED.**

Piggee's complaint alleges civil rights violations and breach of contract against the parent company and an individual employee of the Baton Rouge Marriott. Piggee helps run an

organization titled G.E.M.S., short for "Giving Education Meaningful Substance."  Part of the group's mission is to escort groups of African American students to Historically Black Colleges and Universities each spring to expose them to different educational opportunities across the country.  Piggee claims in his complaint that the Baton Rouge Marriott agreed to provide forty-one (41) rooms for Piggee and one hundred forty-nine (149) of his students and chaperones, but that the hotel then backed out of the agreement, leaving Piggee and his group in the lurch and with no boarding for its trip.

Piggee's response concedes that he mistakenly included Columbia Sussex as the owner of the hotel, when it should have been Columbia Properties.  He adds that the Louisiana registration documentation of both Columbia Sussex and Columbia Properties reveals that they have the same principal place of business, the same principal business establishment, the same registered agent, and that they were qualified to do business in the State of Louisiana one day apart in 2000.  He then argues that he should be permitted to amend his complaint either under the "misnomer" rule or under FRCP 15(c)(3).

The misnomer rule is not applicable to this situation.  A "misnomer" may be corrected without implicating Rule 15(c)(3), but it only applies where "the proper defendant is already before the court and the effect [of the amendment] is merely to correct the name under which he is sued."  *Eison v. McCoy*, 146 F.3d 468, 471-72 (7th Cir. 1998) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1229, (7th Cir. 1980)).  Here, Piggee admits that the proper defendant is Columbia Properties, who has never appeared before the Court.  Although there is evidence supporting the idea that Columbia Sussex and Columbia Properties are very closely related, it also supports the proposition that they are, in fact, separate companies.  The misnomer rule,

2

therefore, is not satisfied.

Piggee argues in the alternative that he should be permitted to amend the complaint because of mistaken identity, pursuant to Rule 15(c). If all requirements of the rule are met, the amended pleading relates back to the date of the original. *Eison*, 146 F.3d at 472. Among other things, Rule 15(c) demands that the party brought in by amendment has received notice of the suit so that it will not be prejudiced in maintaining a defense and that it knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. Fed. R. Civ. P. 15(c)(3).

An amended complaint including Columbia Properties appears likely to satisfy the requirements of Rule 15(c)(3), as I suspect that Columbia Properties knew of the suit and that an "identity of interest" between Columbia Sussex and Columbia Properties justified Piggee's initial mistake in drafting the complaint. *See e.g.*, *Mitchell v. CFC Financial LLC*, 230 F.R.D. 548, 550 (E.D. Wis. 2005)(citing *Norton v. Int'l Harvester Co.*, 627 F.2d 18, 21 (7th Cir. 1980)); *see also*, *Wiesner v. Fontaine Truck Equip. Co., Inc.*, 2007 WL 4522612 at *3 (N.D. Ill. Dec. 18, 2007); *Olsen v. Marshall & Ilsley Corp.*, 2000 WL 34230095 at *4 (W. D. Wis. July 10, 2000). Nevertheless, this argument need not be addressed before Columbia Properties is even included as a defendant. If Columbia Properties is added and if it asserts a statute of limitations defense, Piggee will then have the opportunity to establish that its amended complaint relates back under Rule 15(c)(3). And, of course, Columbia Properties will have the opportunity to prove otherwise.

In the meantime, I will construe Piggee's request as one to amend his complaint under Rule 15(a), which gives the courts discretion to permit amendments "when justice so requires."

3

Piggee has established that an amendment is warranted, and so its request to amend to add Columbia Properties Baton Rouge, Ltd. as a defendant is **GRANTED.** Defendant Columbia Sussex Corporation's Motion [DE 4] is also **GRANTED** and it is hereby **DISMISSED** without prejudice.

    **SO ORDERED.**

    ENTERED: July 9, 2008

                                      s/ Philip P. Simon
                                      PHILIP P. SIMON, JUDGE
                                      UNITED STATES DISTRICT COURT