# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JAMES A. PIGGEE, individually and as an officer of G.E.M.S., Inc., and DOES 1-149 yet unidentified African Americans,<br>    Plaintiffs,<br><br>    v.<br><br>COLUMBIA SUSSEX CORPORATION d/b/a BATON ROUGE MARRIOTT and KELLY JO BOWMAN, in her personal and official capacities,<br>    Defendants. | CAUSE NO.: 2:08-CV-107-PPS-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Transfer Pursuant to 28 U.S.C. § 1404 for Forum Non Conveniens [DE 16], filed by Defendant Columbia Properties Baton Rouge Ltd. d/b/a Baton Rouge Marriott ("Baton Rouge Marriott") on December 12, 2008. Plaintiff James A. Piggee filed a response on January 9, 2009. Baton Rouge Marriott did not file a reply, and the time to do so has passed. Baton Rouge Marriott seeks an order of the Court transferring the case to the Middle District of Louisiana. As set forth below, the Court denies the motion to transfer under § 1404(a).

## BACKGROUND

Piggee, in his Amended Complaint, alleges claims of breach of contract, a violation of Title II of the Civil Rights Act of 1964, and a violation of 42 U.S.C. § 1981 and alleges the following facts. Piggee is an African American educator, administrator, and an authorized officer of G.E.M.S., Inc. (an acronym for "giving education meaningful substance"), a nonprofit organization designed to promote higher education with youth. Each spring, high school students are given the opportunity, through the G.E.M.S. program, to tour, and be exposed to, historically black colleges and universities.

This cause arises out of a trip planned by Piggee and G.E.M.S. for April 20-21, 2006. On April 5, 2006, Piggee arranged for forty-one rooms at the Baton Rouge Marriott to be available to the 150 students and chaperones that planned to take the tour. Then, on April 6, 2006, a Baton Rouge Marriott sales manager informed Piggee that his group could not be accommodated. Piggee alleges that, because of the cancellation, his group was unable to secure other lodging on "such short notice" and was "forced" to travel all night from Baton Rouge, Louisiana, without being able to sleep, bathe, brush their teeth, or change clothes until arriving in Texas.

On April 4, 2008, Piggee filed his original Complaint against the Columbia Sussex Corporation and Kelly Jo Bowman, a Baton Rouge Marriott Sales Manager. On June 3, 2008, Columbia Sussex Corporation filed a Motion to Dismiss, and, on June 18, 2008, Piggee responded. On July 9, 2008, District Court Judge Philip Simon dismissed Columbia Sussex Corporation without prejudice and granted Piggee's request to amend the Complaint to add Columbia Properties Baton Rouge, Ltd. d/b/a Baton Rouge Marriott as a Defendant. On July 10, 2008, Piggee filed an Amended Complaint, and, on October 6, 2008, Baton Rouge Marriott filed its Answer.

On December 12, 2008, Baton Rouge Marriott filed the instant motion to Transfer Case Pursuant to 28 U.S.C. § 1404(a). On January 9, 2009, Piggee filed a Response in Opposition to the Motion to Transfer. Baton Rouge Marriott has not filed a reply brief in support of the motion, and the time to do so has passed.

**ANALYSIS**

In its motion, Baton Rouge Marriott seeks a transfer of this matter under 28 U.S.C. § 1404(a) from the United States District Court for the Northern District of Indiana to the United States

District Court for the Middle District of Louisiana.[1] Piggee responds that transfer will neither serve the interests of the majority of the parties and witnesses nor serve the interests of justice.

Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Therefore, (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses and must be in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Baton Rouge Marriott has the burden under § 1404(a) of proving that the Middle District of Louisiana is "clearly more convenient" than the Northern District of Indiana. *Id.* at 219-20. The decision to transfer an action is within the sound discretion of the trial court. *Id.* at 219. The transfer analysis is a case-by-case, fact-intensive inquiry; the statute does not indicate the relative weight to be accorded each factor. *Id.*

### A. Venue

The venue statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

---

[1] Although Baton Rouge Marriott also cites and discusses law setting forth the standard for transfer or dismissal under the principle of forum non conveniens, Baton Rouge Marriott's only request for relief is a transfer under 28 U.S.C. § 1404(a). Therefore, the Court does not consider the related, but inapplicable, standard for forum non conveniens.

First, the Court considers whether venue is proper in this, the transferor, court. Both Piggee and Baton Rouge Marriott agree that venue is proper in the Northern District of Indiana. Piggee organized the trip, initiated the call to the Baton Rouge Marriott, booked the rooms, and took Ms. Bowman's cancellation call in the Northern District of Indiana. Because a substantial part of the events giving rise to Piggee's claims occurred here, venue is proper in the Northern District of Indiana under § 1391(b)(2).

Second, the Court determines whether venue is proper in the proposed transferee court, the Middle District of Louisiana. Both parties agree that proper venue also lies in the Middle District of Louisiana. The Amended Complaint alleges that Defendant Baton Rouge Marriott does business in Baton Rouge, Louisiana, which is in the Middle District of Louisiana, and that Defendant Kelly Jo Bowman resides in the Western District of Louisiana. Because both Defendants reside in Louisiana and one of the Defendants resides in the Middle District of Louisiana, venue is proper in the Middle District of Louisiana pursuant to § 1391(b)(1).

### B. Convenience of the Parties and Witnesses and the Interest of Justice

Notwithstanding proper venue both here and in the Middle District of Louisiana, the Court can transfer this case only if the balance of the public interests in justice and the private interests in convenience weigh in favor of transfer. *See N. Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995).

*1. Private Interest in Convenience*

In analyzing convenience, "the movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219-20. Accordingly, "unless the balance is strongly in favor of the defendant, the plaintiff's

4

choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). While § 1404(a) specifically sets forth factors to consider under this prong, "these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Travel Supreme, Inc. v. NVER Enters., Inc.*, No. 3:07CV194PPS, 2007 WL 2962641, at *8 (N.D. Ind. Oct. 5, 2007) (quoting *Coffey*, 796 F.2d at 219 n.3). Those considerations include the plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the situs of material events, and the relative ease and access to the sources of proof. *Travel Supreme, Inc.*, 2007 WL 2962641 at *9.

First, the Court recognizes that Piggee, as plaintiff, chose to file in the Northern District of Indiana. "[T]there is no choice of forum that will avoid imposing inconvenience" when the parties reside in different states, as they do in this case, and "when the inconvenience of the alternative venue[] is comparable there is no basis for a change in venue; the tie is awarded to the plaintiff." *Nat'l Presto*, 347 F.3d at 665. This factor weighs against transfer.

The Court next considers the convenience of the parties. "This factor involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum." *College Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995) (quoting *Heller Fin. Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1130-31 (N.D. Ill. 1989)). In this case, Piggee resides in the Northern District of Indiana, and this District is where the unnamed Plaintiffs (the students and chaperones) resided at the time of the trip. Baton Rouge Marriott argues that the unnamed Plaintiffs should not be considered when determining the convenience of the parties because they are "unknown." Although their names have not yet been determined, it is known that they are the students and chaperones who participated in the G.E.M.S.

5

program; Piggee has indicated that he will seek leave to amend his complaint with their names once they are compiled. Although most of the students participating in the trip were high school seniors at the time and may now reside outside of this District because they are attending college elsewhere, it is possible that a number of those students have remained in this District or the surrounding area to attend college or work and it is likely that the home addresses and residences of most of the students remain in this District. Also, approximately twelve of the unnamed Plaintiffs were the adult chaperones, who may also still reside in the District. While true that a representative of Marriott will have to travel to the Northern District of Indiana, the financial burden of traveling would be more easily born by Marriott than by Piggee and the many other Plaintiffs. The Court finds that, in considering the convenience to the parties, the balance weighs against transfer.

Third, the convenience of the witnesses and the nature and quality of their testimony, on balance, weigh against transfer. Baton Rouge Marriott argues that most of their witnesses are in Louisiana. As for Baton Rouge Marriott's employees, it is generally "assumed that employees of a party will appear voluntarily." *IP Innovation L.L.C. v. Lexmark Int'l, Inc*, 289 F. Supp. 2d 952, 955 (N.D. Ill. 2003). However, they will need to travel from the Middle District of Louisiana. Similarly, Piggee and the unnamed Plaintiffs are potential witnesses, and they would have to travel to Louisiana should the case be transferred. Additionally, Baton Rouge Marriott represents that it plans to call Geraldine Bordelon of the Baton Rouge Convention and Visitor's Bureau as well as employees from other hotels to testify. While these non-party witnesses would not be subject to the subpoena power of this Court, Baton Rouge Marriott could present their testimony by deposition. The nature and quality of the testimony of the witnesses from each district in relationship to the issues of the case do not balance in favor of either party as the witnesses from each side will be

6

necessary to present each party's version of the events. The Court finds that the inconvenience to the potentially large group of local Plaintiffs as witnesses is greater than that of the few out-of-state witnesses that may be called by Baton Rouge Marriott and that Baton Rouge Marriott has not demonstrated that this District is clearly more inconvenient than the Middle District of Louisiana.

Finally, the Court considers the situs of the events and the ease and access to sources of proof. Almost all of the relevant acts by the Plaintiffs took place in the Northern District of Indiana. Piggee and the 150 unnamed Plaintiffs (the students and chaperones) resided here at the time of the trip. This is where Piggee scheduled the hotel rooms for the G.E.M.S. trip, and this is where he was reached by the Baton Rouge Marriott sales manager to cancel the reservation. The testimony regarding the events during the trip and the allegations that the group did not have a place to stay when traveling through the Baton Rouge area from the perspective of Piggee and the unnamed Plaintiffs will come from some individuals residing in this district. As noted above, there will also likely be some testimony, whether live, by video, or by deposition, of individuals in the hotel business from the Middle District of Louisiana. However, given the other factors of convenience and the Plaintiff's choice of forum, Baton Rouge Marriott has failed to demonstrate that the balance of private factors weighs in favor of transfer.

2. *Public Interest of Justice*

The "interest of justice" analysis focuses on the efficient administration of the judicial system, rather than on the private considerations of the litigants. *College Craft*, 889 F. Supp. at 1056 (citing *Coffey*, 796 F.2d at 220-21; *Espino v. Top Draw Freight Sys., Inc.*, 713 F. Supp. 1243, 1245 (N.D. Ill. 1989)). Considerations taken into account include "ensuring speedy trials, trying related

litigation together, and having a judge who is familiar with the applicable law try the case." *College Craft*, 889 F. Supp. at 1056 (quoting *Heller*, 883 F.2d at 1293).

There is no evidence before the Court as to the relative congestion of the courts in the two districts at issue or whether one or the other would provide a more speedy forum. Baton Rouge Marriott argues that the outcome of this matter will ultimately affect Louisiana far more than Indiana because the case concerns a hotel in Louisiana. However, the outcome of the case will also affect the individuals who suffered the alleged discrimination, all of whom were located in the Northern District of Indiana at the time the events occurred and at least one of whom, if not more, currently lives in this District. In addition, this case involves alleged discrimination in booking hotel reservations; while this specific hotel is located in Louisiana, individuals booking reservations at this hotel may travel from all parts of the nation, and the issues of alleged discrimination are not unique to Louisiana.

As for the applicable law, Baton Rouge Marriott also argues that "to the extent Louisiana law will govern the transaction at issue," it is more appropriate to try the case in Louisiana. In the Amended Complaint, Piggee alleges two federal claims under 42 U.S.C. § 2000 and 42 U.S.C. § 1981 and a breach of contract claim. To the extent that a choice of law analysis would find that Louisiana state law is applicable, it is true that it is "advantageous to have federal judges try a case who are familiar with the applicable state law," *Coffey*, 796 F.2d at 221. "However where the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts." *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006) (quotation and citation marks omitted). Federal courts, including this one, are often called

on to interpret the laws of states other than the state in which the court is located, especially as to the law of contracts.

As with the private factors, the Court finds that Baton Rouge Marriott has not demonstrated that the factors related to the interest of justice weigh in favor of transfer.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Baton Rouge Marriott's Motion to Transfer Venue and Memorandum in Support [DE 16].

SO ORDERED this 24th day of February, 2009.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record.