UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES A. PIGGEE, individually and as an officer of G.E.M.S., Inc., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 2:08-CV-107-PPS-PRC ) |
| COLUMBIA SUSSEX CORPORATION, COLUMBIA PROPERTIES BATON ROUGE LTD. d/b/a BATON ROUGE MARRIOTT, and KELLY JO BOWMAN, in her personal and official capacities. Defendants. | ) ) ) ) ) ) ) |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion for Contempt and Sanctions Pursuant to Federal Rules of Civil Procedure Rule 37 [DE 37], filed by Defendants Columbia Properties Baton Rouge, Ltd. and Columbia Sussex Corporation on July 20, 2010. Plaintiffs filed a response on August 3, 2010.

On July 26, 2010, Chief Judge Philip P. Simon entered an Order [DE 58] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant in part and deny in part the motion.

**PROCEDURAL BACKGROUND**

On December 28, 2009, Defendants served discovery requests on Plaintiffs. The discovery included for each of the 268 named plaintiffs (1) twenty-nine interrogatories, (2) thirty requests for

production of documents, and (3) eighteen requests for admission. On January 26, 2010, Plaintiffs filed a Motion for Extension of Time to Complete Defendants' Discovery, seeking up to and including March 29, 2010 to serve the discovery responses. On February 26, 2010, the Court granted the motion and gave Plaintiffs to March 29, 2010 to file the discovery responses.

Having received no discovery responses, Defendants filed a Motion to Compel on June 16, 2010. On July 7, 2010, the Court granted in part and denied in part the Motion to Compel, ordering Plaintiffs to serve on or before July 16, 2010 their answers to (1) interrogatories and (2) requests for production of documents. As to the Requests for Admission, the Court noted that Federal Rule of Civil Procedure 36 provides that the requests are deemed admitted if they are not responded to within thirty days and that Federal Rule of Civil Procedure 37 does not list a failure to respond to requests for admission as a basis for a motion to compel.

On July 16, 2010, Plaintiffs filed a Motion for Extension of Time, seeking an extension through July 23, 2010 to comply with the Court's Order. On July 19, 2010, the Court denied the motion without prejudice because Plaintiffs did not comply with Local Rule 6.1.

On July 20, 2010, Defendants filed the instant Motion for Sanctions and Contempt for Plaintiffs' failure to Comply with the Court's July 7, 2010 Order.

On July 27, 2010, Plaintiffs filed a Second Motion for Extension of Time to Complete Discovery, asking for a *final* extension to August 17, 2010 to respond to the outstanding discovery. Defendants filed an objection. On August 10, 2010, the Court granted the motion, extending the deadline for Plaintiffs to comply with the Court's July 7, 2010 Order to August 17, 2010. The Court advised Plaintiffs that any further requests for an extension of this deadline will be viewed with disfavor.

**ANALYSIS**

In the instant Motion for Contempt and Sanctions, Defendants seek sanctions for Plaintiffs' failure to comply with the Court's July 7, 2010 Order in the form of dismissal of Plaintiffs' claims against Defendants with prejudice and an order for Plaintiffs to pay all reasonable expenses, including attorney's fees, of Defendants.

Federal Rule of Civil Procedure 37(b)(2)(A) provides:

> For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Rule further provides: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Finally, Rule 37(d) also provides that, if a party properly served with interrogatories under Rule 33 or a request for production of documents under Rule 34 fails to serve its answers, objections, or written response, the Court may order any of the sanctions provided for in Rule

37(b)(2)(A)(i)-(vi). Rule 37(d)(3) further provides: "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In this case, Plaintiffs filed a Motion for Extension of the July 16, 2010 deadline set in the Court's July 7, 2010 Order. Because of Plaintiffs' failure to comply with Local Rule 6.1, the motion was denied without prejudice. As a result, no discovery responses were filed by the July 16, 2010 deadline, and Defendants filed the instant motion. However, Plaintiffs subsequently refiled the Motion for Extension, which the Court granted, extending the deadline to August 17, 2010. Although Plaintiffs have taken over seven months to respond to Defendants' discovery, given the circumstances of the large number of named plaintiffs, that counsel for Plaintiffs is a sole practitioner, that counsel for Plaintiffs is attempting to engage co-counsel to assist with this case, and that Plaintiffs have made a *final* request for the extension through August 17, 2010, the Court finds that the sanctions of contempt and dismissal are not appropriate in this case and recommends that the motion for these sanctions be denied. However, the Court finds that pursuant to Rule 37(b)(2)(C) and Rule 37(d)(3), Plaintiffs shall pay the reasonable expenses, including attorney's fees, of Defendants incurred in (1) filing the June 16, 2010 Motion to Compel, (2) the July 2, 2010 Reply in Support of the Motion to Compel, (3) the instant July 20, 2010 Motion for Sanctions, and (4) the July 28, 2010 Response in Opposition to the Second Motion for Extension of Time.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT in part**

4

**and DENY in part** the Motion for Contempt and Sanctions Pursuant to Federal Rules of Civil Procedure Rule 37 [DE 37]. The Court recommends that Chief Judge Philip P. Simon deny the request for sanctions in the form of contempt and dismissal but that Chief Judge Philip P. Simon grant sanctions in the form of reasonable expenses, including attorney's fees, consistent with this Order.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 10th day of August, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record