**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JAMES A. PIGGEE, individually, and as an officer of G.E.M.S., Inc., and DOES 1-149, yet unidentified African Americans, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:08-CV-107-PPS-PRC |
| COLUMBIA SUSSEX CORP., COLUMBIA PROPERTIES BATON ROUGE, LTD., d/b/a/ Baton Rouge Marriott, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case involves allegations that a group of African American high school students on a college tour were prevented from staying at a hotel in Louisiana because of their race. There are roughly 250 Plaintiffs, but curiously there are no class allegations in the complaint. This poor choice has led to a series of problems for the Plaintiffs and their lawyer. The litigation has proven to be too unwieldy and discovery violations have abounded. Unfortunately for a number of the plaintiffs, dismissal of their case is now called for.

There are three motions currently pending relating to Plaintiffs' failure to timely respond to the written discovery requests – including interrogatories, document requests, and Rule 36 requests for admission – which Defendants served on the over 250 named plaintiffs in this case: (1) Defendants' motion for contempt and sanctions, which seeks Rule 37 dismissal with prejudice of the claims of over 200 plaintiffs who have not responded to Defendants' discovery requests [DE 68]; (2) Defendants' motion for partial summary judgment, which is based on

Plaintiffs' default admissions to the requests for admission [DE 60]; and (3) Plaintiffs' motion to withdraw the default admissions [DE 74].

For the following reasons, the motion for sanctions is **GRANTED**. The motion to withdraw the default admissions is **GRANTED**. And the motion for partial summary judgment is **DENIED AS MOOT**.

## BACKGROUND

Plaintiff James Piggee and his organization, G.E.M.S., Inc., take groups of African American high school students on tours of historically black colleges and universities to expose them to educational opportunities. This lawsuit arises out of an April 2006 college trip that Piggee had planned for a group of 258 students and chaperones to visit schools in Baton Rouge, Louisiana and Texas.

According to the second amended complaint, the Baton Rouge Marriott had agreed to provide 41 rooms for the tour group. But the hotel later backed out of the agreement, explaining to Piggee that it could not accommodate such a large group [DE 44]. As a result, the tour group was unable to secure substitute lodging in Baton Rouge, leaving them without accommodations for the night, and forcing them to drive overnight to the next planned stop in Texas [*Id*.].

Piggee filed this lawsuit on behalf of himself, the students and the chaperones, alleging that the Baton Rouge Marriott's decision to back out of their agreement with Piggee was racially motivated [*Id*.]. As I mentioned at the outset, despite the large number of plaintiffs in this suit, Piggee has not sought class certification, and none of Plaintiffs' pleadings contain any class allegations.

The pending motion for sanctions concerns Plaintiffs' continuing failure to fulfill their written discovery obligations. Defendants served extensive written discovery on all Plaintiffs on December 21, 2009, including interrogatories, document requests, and Rule 36 requests for admission [DE 51]. Piggee moved for an extension of time to respond [DE 46], and the Court gave Plaintiffs until March 29, 2010 to serve their responses [DE 48].

Having received no discovery responses, months after the extended deadline, Defendants filed a motion to compel on June 16, 2010 [DE 51]. The Court's July 7, 2010 ruling on that motion ordered Plaintiffs to serve their interrogatory answers and responses to requests for production on or before July 16, 2010 [DE 54]. As to the requests for admission, the Court noted that Rule 37 did not provide a basis for compelling responses to those, but that Rule 36 provides that such requests are deemed admitted if they are not responded to within 30 days [*Id*.].

By July 20, 2010, Plaintiffs still had not complied with the July 7, 2010 order to respond to discovery; so Defendants filed their first motion for sanctions and contempt, seeking the dismissal with prejudice of Plaintiffs' claims, and expenses, including attorneys' fees [DE 57]. Based on the report and recommendation of Magistrate Cherry [DE 64], this Court declined to dismiss the case, but it granted Defendants' request for expenses [DE 69]. In the meantime, the Court had granted Plaintiffs an extension until August 17, 2010 to respond to the outstanding discovery requests [DE 63].

Defendants filed the pending motion for partial summary judgment on July 28, 2010, based on the failure of all of the Plaintiffs, except Piggee, to timely respond to the requests for admission [DE 60]. Many of these requests for admission are quite broad, essentially asking the

3

Plaintiffs to admit they have no evidence to support their claims [DE 60-1]. Defendants argue

that, because Plaintiffs have admitted these requests by default, Plaintiffs' claims must fail

[DE 60-1].

Defendants then filed the pending motion for contempt and sanctions, on August 30,

2010, attaching a list of over 200 named plaintiffs who still have not responded to Defendants'

December 21, 2009 discovery requests [DE 68 & 68-1]. Defendants seek the dismissal with

prejudice of the claims of those Plaintiffs, along with reasonable expenses, including attorneys'

fees [*Id.*].

In Piggee's September 27, 2010 response to the sanctions motion, he points out that 60

Plaintiffs have responded to Defendants' discovery requests, but that counsel has not received

responses from the others [DE 76].[1] Piggee also indicates that he will be seeking class

certification, asserting that the case has become unmanageable given the large number of

Plaintiffs who are now scattered throughout the country, and counsel's limited resources [*Id.*].

Piggee filed the pending motion to withdraw the default admissions on September 26,

2010 [DE 74]. Piggee, the only party to respond to Defendants' requests for admission, contends

that the responses from the remaining 258 Plaintiffs would be identical to his [*Id.*]. And he seeks

leave to withdraw those Plaintiffs' default admissions, and serve their responses within 14 days

of the order resolving the motion to withdraw [*Id.*].

---

[1]During the October 28, 2010 oral argument on the sanctions motion, counsel for the
Defendants noted, without objection from Plaintiffs' counsel, that only 42 of the discovery
responses were from named plaintiffs. Curiously, the remaining 18 responses were from non-
parties.

Because the fate of Defendants' summary judgment motion is tied to the resolution of the motion for leave to withdraw, the Court stayed briefing on the summary judgment motion, pending a resolution of the motion for leave to withdraw [DE 77].

**DISCUSSION**

**I.      Motion for Sanctions**

Defendants seek sanctions pursuant to Rule 37 in the form of the dismissal with prejudice of the claims of those Plaintiffs who have not responded to discovery, plus expenses, including attorneys' fees [DE 68].  Rule 37(b) permits courts to impose sanctions where a party fails to comply with an order to provide discovery.  Rule 37(b)(2) lists a number of possible sanctions for a party's failure to obey a discovery order, including the dismissal of the action in whole or in part.  Fed. R. Civ. P. 37(b)(2)(A)(v).  These sanctions are also available, under Rule 37(d), where a party fails to respond to written discovery requests.  Fed. R. Civ. P. 37(d)(3).  Rules 37(b)(2)(C) and 37(d)(3) further provide that, instead of or in addition to the sanctions enumerated in Rule 37(b)(2), the court must require the disobedient party or the party failing to serve its discovery responses "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) & 37(d)(3).

It is true that dismissal is a harsh sanction that should be employed only in limited circumstances.  *See Ladien v. Astrachan,* 128 F.3d 1051, 1057 (7th Cir. 1997); *U.S. v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994).  But dismissal is warranted under Rule 37(b) if the disobedient party displays willfulness, bad faith or fault.  *In re Thomas Consolidated Industries, Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Maynard v. Nygren*, 332 F.3d 462, 467-68

(7th Cir. 2003). Moreover, the circumstances of the party's failure to comply with a discovery

order must be considered, pursuant to the "norm of proportionality that guides all judicial

applications of sanctions." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993);

*see also Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 515 (7th Cir. 1997).

Unfortunately, Piggee's non-compliance with the Court's order and discovery rules in

this case displays a pattern of willful delay and avoidance, and thus warrants the dismissal with

prejudice of the claims of the Plaintiffs who have yet to respond to discovery. Over 200 of the

Plaintiffs have failed to respond to discovery that Defendants served over ten months ago,

despite receiving multiple extensions of time to do so, and despite already being sanctioned in

the form of attorneys' fees. In the process, these parties have disregarded two orders compelling

those discovery responses by a date certain [DE 54 & 63].

The Court has already tried to bring Plaintiffs into compliance with their discovery

obligations using the less drastic sanction of attorneys' fees, which were awarded on Defendants'

previous motion to compel [DE 69]. This has proven ineffective, and during oral argument,

Plaintiff's counsel gave no reason for the Court to believe that additional sanctions less drastic

than dismissal will be any more effective. In response to the Court's inquiries as to what

Plaintiff's counsel believed he could do to get discovery in this case back on track, his only

response was to reiterate that he had bitten off more than he could chew, and that he was seeking

to retain co-counsel with the resources sufficient to handle a case of this size. Thus, there is no

indication as to when, if ever, counsel expects to be able to serve the belated discovery

responses. And the Court was left with the impression that the responses will not be

forthcoming unless he can manage to secure co-counsel, which Plaintiffs' counsel indicated would be difficult given the current posture of the case.

More troubling, Plaintiffs' counsel conceded that, of the over 250 plaintiffs in this suit, he had only communicated with at most 75-to-100 of them, which Piggee had assembled for a meeting. This suggests that the majority of the Plaintiffs in this case may not even be aware that a suit was filed on their behalf, much less that they have belated discovery obligations. In any event, counsel's failure to even *communicate* with the majority of the Plaintiffs, whose discovery responses have been the subject of two motions to compel, is, itself, indicative of a willful violation of the discovery rules.

The Seventh Circuit has affirmed dismissal with prejudice, under Rule 37, in cases involving similar patterns of delay and non-compliance with the court's discovery orders, even where less severe sanctions have not been attempted. *See, e.g., Newman v. Metro., Pier & Exhibition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992) ("[A]s soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with swift decision."); *Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 284 (7th Cir. 1988) (dismissing case where "plaintiffs had previously refused to respond to defendants' discovery requests and to orders of the district court until they were faced with dismissal of their complaint").

The Seventh Circuit has also observed that dismissal is appropriate where, as here, less drastic sanctions, *e.g.*, the attorneys' fees awarded on Defendants' prior motion for sanctions, have proven unavailing. *See Lowe v. City of East Chicago*, 897 F.2d 272, 274 (7th Cir. 1990) ("The district court should consider less severe sanctions than dismissal for a party's

7

noncompliance with court orders . . . unless there exists a clear record of delay . . . or when less drastic sanctions have proven ineffective.") (citation and quotation marks omitted); *see also Powers v. Chicago Transit Authority,* 890 F.2d 1355, 1362 (7th Cir. 1989) (citing *Schilling v. Walworth County Park & Plan Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986)).

Accordingly, the claims of the non-responsive Plaintiffs, who are listed on Exhibit A to Defendants' motion for sanctions [DE 68-2], are dismissed with prejudice. Additionally, the Court finds that, pursuant to Rules 37(b)(2)(c) and 37(d)(3), Defendants are entitled to the reasonable expenses, including attorneys' fees, that they incurred relating to the August 30, 2010 motion for contempt and sanctions.

This leaves the issue of determining who should be responsible for these expenses. Rule 37(a)(5)(A) permits the Court to award expenses against the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both. Fed. R. Civ. P. 37(a)(5)(A). Under the circumstances presented here, it seems clear that Plaintiffs' counsel was primarily responsible for necessitating the motion for sanctions, and should therefore bear the cost of the expenses. So expenses relating to that motion are awarded against Plaintiff's counsel only.

## II.    Summary Judgment and the Motion to Withdraw Admissions

As noted above, Defendants' summary judgment motion is based on Plaintiffs' failure to timely respond to the Rule 36 requests for admission [DE 60]. None of the Plaintiffs responded to those requests, except Piggee himself [DE 74]. Rule 36 requires a response to such requests within 30 days, otherwise they are deemed admitted. It has now been almost eleven months since Plaintiffs were served with the requests for admission. Accordingly, all of the requests, except those served

on Piggee, are deemed admitted by operation of Rule 36(a)(3).  Fed. R. Civ. P. 36(a)(3); *see also Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996).

Defendants contend that, based on these default admissions, there exists no genuine issue of material fact as to the claims of the defaulting Plaintiffs, and that Defendants are therefore entitled to judgment as a matter of law as to those claims [DE 60-1].  Defendants are correct that default admissions "can serve as the factual predicate for summary judgment."  *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *see also McCann v. Mangialardi*, 337 F.3d 782, 787 (7th Cir. 2003).  And that could be the case here because those admissions essentially concede that Plaintiffs have no evidence to support their claims.  [*See, e.g.,* DE 60-4, Nos. 1, 3 & 8.]

To avoid this possibility, Plaintiffs moved for leave to withdraw the default admissions pursuant to Rule 36(b) after Defendants filed their summary judgment motion based on the default admissions [DE 74].  A court may permit a party to withdraw default admissions if: (1) the presentation of the merits of the action will be furthered by recision or withdrawal; and (2) the parties that obtained the default admissions fail to satisfy the court that withdrawal or amendment will prejudice them in maintaining the action or defense on the merits.  Fed. R. Civ. P. 36(b); *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) (citing Fed. R. Civ. P. 36(b)); *see also Kasuboski*, 834 F.2d at 1350 n. 7.  Even if both of these conditions are met, however, a court still has the discretion to deny a request for withdrawal.  *See Kasuboski*, 834 F.2d at 1350.

As for the first issue, Defendants correctly point out that Plaintiffs fail to even argue that withdrawal of the default admissions will promote the presentation of the merits of the action

[DE 78 at 2-3].  The Seventh Circuit, however, has a well-established policy favoring the

resolution of cases on the merits, rather than by default.  *See Sun v. Board of Trustees of*

*University of IL*, 473 F.3d 799, 811 (7th Cir. 2007); *Barry Aviation Inc. v. Land O'Lakes*

*Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).  So I will determine whether

withdrawal will serve the merits of the action, notwithstanding Plaintiffs' failure to argue the

point.

There is no question that the presentation of the merits of this action will be promoted by

allowing Plaintiffs to withdraw the admissions.  Allowing the default admissions to stand could

well mean that the remaining Plaintiffs, with the exception of Piggee, will not have their claims

resolved on the merits.  Collectively, these Plaintiffs are currently deemed to have admitted,

among other things, that they "know of no act of racial discrimination by defendant that caused

or contributed to the incident" [DE 60-4, No. 1]; "have no admissible evidence that defendant

intentionally discriminated against them" [*Id*., No. 3]; "have no direct evidence of discriminatory

intent by the employees of the Baton Rouge Marriott" [*Id*., No. 8]; and "have no information to

support [their] claim that the Baton Rouge Marriott 'intentionally discriminated against plaintiffs

on the basis of race'" [*Id*., No. 16].  These admissions, and others like them, likely would

foreclose any chance these Plaintiffs may have of succeeding on the merits of their

discrimination claims.  At the very least, allowing Defendants the benefit of the default

admissions would result in a windfall victory in a case in which the matters at issue were never

properly addressed.  Under these circumstances, the Court finds that the first prong of Rule 36(b)

is satisfied.

As for the second prong of Rule 36(b), Defendants argue that they will be prejudiced if the admissions are withdrawn. But I'm hard pressed to see how. As Defendants acknowledge, the prejudice contemplated by Rule 36(b) "does not simply mean that the party who obtained the admissions will now have to argue the merits . . . [r]ather, the prejudice must be based on the party's detrimental reliance on such admissions." *Craft v. Flagg*, No. 06 C 1451, 2009 WL 762461, at *2 (N.D. Ill. Mar. 20, 2009) (citation and quotation marks omitted): *see also Creative Trade Group, Inc. v. Int'l Trade Alliance, Inc*., No. 08 C 2561, 2009 WL 3713345, at *9 (N.D. Ill. Nov. 4, 2009) (same).

The Defendants have not demonstrated that they will be prejudiced if the admissions are withdrawn, aside from being deprived of a premature triumph in the lawsuit. Defendants contend they have relied on the default admissions in prosecuting their case, including in filing the pending summary judgment motion [DE 78 at 4]. And they state that they will need to conduct additional discovery if the Court permits withdrawal [*Id*.]. But as noted, having to defend the case on the merits is not the type of prejudice that satisfies Rule 36(b). Nor is the expense of preparing the motion for summary judgment. And the additional discovery Defendants will need to conduct will be limited to the relatively small number of Plaintiffs whose claims remain after the Court's ruling on the sanctions motion in this order.

Defendants also cannot show prejudice because they conducted discovery in reliance on the default admissions. Discovery in this case has been stalled by Plaintiffs' near total failure to respond to Defendants' first round of written discovery. This is frustrating, of course. But it means that Defendants cannot contend that they relied on the default admissions in making the sort of strategic discovery and trial preparation decisions—*e.g*., as to which depositions to take

and what additional discovery must be served—which can sometimes establish Rule 36(b) prejudice. *Cf. Tidwell v. Daley*, No. 00 C 1646, 2001 WL 1414229, at *1 (N.D. Ill. Jul. 20, 2001) (prejudice contemplated under Rule 36(b) includes forgoing discovery in reliance on default admissions); *Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2006 WL 2088194, at *3 (N. D. Ill. Jul. 20, 2006) (reliance affecting trial preparation can establish Rule 36(b) prejudice).

Significant delay is a relevant consideration under Rule 36(b)'s prejudice prong. *Tidwell*, 2001 WL 1414229, at *1; *Matthews*, 2006 WL 2088194, at *3. And Defendants have certainly been hamstrung by Plaintiffs' delay in responding to discovery. But this delay has resulted chiefly from Plaintiffs' general failure to respond to written discovery, not the requests for admission in particular. In any event, Defendants have not indicated that any delay here is due to their forgoing discovery in reliance on the default admissions. *Cf. Tidwell*, 2001 WL 1414229, at *1 (forgoing discovery in reliance on default admissions is the type of prejudice contemplated under Rule 36(b)). Nor do Defendants indicate that the delay will prejudice them in the sense of rendering them unable to obtain key witnesses or documents, or prepare for trial. Accordingly, the Court finds that the second prong of Rule 36(b) is satisfied.

Because both prongs of Rule 36(b) are satisfied, Plaintiffs' motion to withdraw their default admissions is granted. Because these admissions have been withdrawn, Defendants can no longer rely on them to support their motion for partial summary judgment. Thus, Defendants' motion for summary judgment, which is based on those default admissions, is denied as moot.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

12

(1)     Defendants' motion for contempt and sanctions is **GRANTED** [DE 68].

Accordingly, the claims of the Plaintiffs listed on Exhibit A to Defendants' motion for sanctions

[DE 68-2] are **DISMISSED WITH PREJUDICE**.

(2)     Because the Court finds that Defendants are entitled to the expenses relating to

the motion for sanctions, the Defendants **SHALL FILE** a bill of costs, as contemplated by Fed.

R. Civ. P. 37, for those expenses.  The bill of costs is due by **December 8, 2010**.  Plaintiffs may

file any objections to the bill of costs by **December 22, 2010**.

(3)     Plaintiffs' motion to withdraw the default admissions [DE 74] is **GRANTED**.

Plaintiffs have **21 days** from the date of the entry of this order to serve their responses to

Defendants' requests for admission.  Any responses not served by this deadline will de

**DEEMED ADMITTED** by operation of Rule 36(a)(3).  Plaintiffs are specifically warned that

the Court will consider any further motions to withdraw default admissions with extreme

disfavor.

(4)     Defendants' motion for partial summary judgment [DE 60] is **DENIED AS**

**MOOT**.

(5)     This matter is **REFERRED** to Magistrate Judge Paul R. Cherry for the purpose of

rescheduling pretrial deadlines, consistent with this order.

Finally, the Court specifically warns Plaintiffs that continued failure to comply with the

discovery rules and the Court's orders may lead to the dismissal of this case in its entirety with

prejudice.

**SO ORDERED**.

ENTERED: November 10, 2010

 /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT