UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES A. PIGGEE, individually, and as an officer of G.E.M.S., Inc., and DOES 1-149, yet unidentified African Americans, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:08-CV-107-PPS |
| COLUMBIA SUSSEX CORP., COLUMBIA PROPERTIES BATON ROUGE, LTD., d/b/a/ Baton Rouge Marriott, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

James Piggee and a group of northwest Indiana African-American teenagers were turned away from the Baton Rouge Marriott, and they claim in this civil rights action that the Marriott's decision was based on race. For simplicity's sake, I will refer to the plaintiffs collectively as "Piggee," who is the lead plaintiff. The Marriott moved for summary judgment, and Piggee's response to that motion was dilatory. The Marriott now seeks to strike that response [DE 125]. The Marriott argues that striking the pleading is especially appropriate in this case given the repeated instances of dilatory conduct by Piggee in this litigation. Piggee has not responded to the Marriott's motion, and the time for doing so has now passed. For the reasons below, the Marriott's motion [DE 125] is **GRANTED**.

## BACKGROUND

The Marriott properly filed their Motion for Summary Judgment on January 5, 2012 [DE 107]. Pursuant to Northern District of Indiana Local Rule 56-1, Piggee's response was due twenty-eight days later, plus three additional days because the Marriott filed their its motion via

the Court's electronic filing system. Fed. R. Civ. P. 6(d). With February 5th being a Sunday, Piggee's response was due on February 6, 2012. *See* Fed. R. Civ. P. 6(a)(3). On that date, Piggee requested an extension of time to respond to the motion to allow him the chance to depose an employee or former employee of the Marriott, Kelly Jo Bowman [DE 112 at 1]. On February 8, I denied Piggee's motion for failure to comply with Federal Rule of Civil Procedure 56(d), without prejudice to it being re-filed in compliance with the rule within seven days [DE 114]. A week later, on February 15, Piggee properly sought a thirty day extension in which to take Bowman's deposition, and forty-five days thereafter to respond to the pending motion for summary judgment [DE 115], which I granted [DE 116].

On March 15, just prior to the expiration of time that they had been given to locate Ms. Bowman, Piggee sought another – and even larger – extension of time to locate Bowman and respond to the pending motion for summary judgment [DE 117]. On the following day, the Marriott filed an opposition to the motion, citing the nearly four years that the case had been pending, Piggee's failure to conduct *any* depositions by that point, and Piggee's overall track record in this litigation of failing to meet deadlines, including the dismissal of numerous plaintiffs for delaying the discovery process and failing to respond to discovery requests [DE 118]. According to the Marriott, after nearly four years of dilatory practice, "a line must be drawn" [*Id.* at 2].

I weighed the affidavit and exhibits provided by Piggee [DE 117-1-7] and reluctantly granted Piggee's motion. But instead of giving him another forty-five days to depose Bowman, and then an additional forty-five days in which to file his opposition, I granted them only thirty days to depose Bowman, and thirty days thereafter to file his response [DE 119 at 2]. I

specifically noted that I granted the motion "reluctantly," that they would not be given any additional time to locate Bowman, and that "[a]bsolutely no further extensions will be granted" [*Id.* at 2-3].

Perhaps because of my prohibition on further extensions, Piggee did not seek another one: instead, without leave of court, he simply filed his response to summary judgment late [DE 120]. To be exact, he filed the opposition twelve days late. Bowman's deposition took place on April 21, 2012 [DE 120-2 at 1], within the thirty days permitted by my March 28, 2012 order. From April 21, 2012, Piggee had 30 days in which to file his response, which put the deadline at May 21, 2012. But Piggee failed to file his response until nearly two weeks later, on June 2, 2012 [DE 120].[1] Even if Piggee had somehow misinterpreted my order to mean that he had a total of 60 days in which to file his response – instead of just thirty days after Bowman's deposition – the response would still have been untimely by several days.

This case has a thick layer of dust on it; it is over four years old. I have previously dismissed a number of plaintiffs from this case as a sanction for their inexcusable failure to participate in discovery, disregard for deadlines and court orders, and overall pattern of willful delay and avoidance, pursuant to Fed. R. Civ. P. 37(b) [DE 81 at 5-6]. At oral argument on the motion for sanctions, Plaintiffs' counsel admitted that he had not even communicated with over half of the then-Plaintiffs (at the time, there were over 250 plaintiffs) and based on that failure, I ordered that the Marriott's reasonable expenses in connection with their motion for sanctions be assessed against Plaintiffs' counsel [*Id.* at 7-8]. The Seventh Circuit Court of Appeals affirmed

---

[1]The Plaintiffs' Certificate of Service avers that the Defendants were served via the Court's electronic filing system on June 1, 2012, but the response was not docketed on CM/ECF until June 2, 2012 [DE 120].

that decision, noting that the dismissal of claims came only after five missed discovery deadlines, violation of two court orders, and a pattern of delay and non-compliance that produced a number of less-severe sanctions that were of no avail. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191-92 (7th Cir. 2011).

The Marriott has now moved to strike Piggee's response to summary judgment as untimely [DE 125]. In doing so, the Marriott has laid out not only Piggee's inexcusable delay in filing their response to the motion for summary judgment, but also Piggee's otherwise dilatory conduct throughout the course of this litigation [DE 126 at 2-3]. Piggee's demonstrated pattern of delay and failure to participate in this litigation supports the Marriott's argument that the late-filed response should be stricken.

## DISCUSSION

Once the time for a party to perform a certain act has passed, Fed. R. Civ. P. 6(b)(1)(B) permits the court, "for good cause," to extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." A district court is permitted to strictly enforce local rules, in light of its "significant interest in maintaining the integrity of its calendar." *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 567-68 (7th Cir. 1992). "The overriding principle at stake involves the district court's ability to mitigate the scourge of litigation delays by setting deadlines 'to force parties and their attorneys to be diligent in prosecuting their causes of action." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606-07 (7th Cir. 2006), quoting *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1988). In determining whether a deadline was missed because of "excusable neglect," the court considers "all relevant circumstances surrounding the party's omission," including the danger of prejudice, the length of

the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the party's reasonable control, and whether the party acted in good faith. *Peters v. Wal-Mart*, 2012 WL 2407700, at *4 (N.D. Ind. June 25, 2012), quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (granting Defendant's motion to strike plaintiff's response to motion for summary judgment as untimely).

This case bears similarity to *Raymond v. Ameritech Corp*. In *Raymond*, the plaintiff sought an extension of time in which to respond to the defendant's motion for summary judgment, beyond the period established by the jurisdiction's Local Rules. 442 F.3d at 603. The court granted the plaintiff extra time in which to file her response, but when the plaintiff missed the deadline, the court ruled summarily on the defendant's motion for summary judgment, disregarding the plaintiff's late-filed response. *Id.* at 604. The plaintiff appealed, and the Seventh Circuit held that the trial court was entitled to enforce the deadlines that it set and needn't have excused the plaintiff's untimeliness. *Id.* at 605-606. Similarly, in this case, Piggee sought and obtained extensions of time in which to file his response to the Marriott's Motion for Summary Judgment, but then filed his response well-past the deadline established by this Court.

Indeed, the conduct in this case is far more egregious than in *Raymond*. In *Raymond*, the plaintiff's response was filed only three days after the court's deadline, whereas here, the Plaintiffs filed twelve days late. *See also Peters*, 2012 WL 2407700, at *4 (finding that a one-week delay was "significant). There was some history of delay in the *Raymond* litigation, but that case had been pending only fifteen months – nowhere near the over four years that this case has now dragged on. In *Raymond*, the Seventh Circuit noted that the fact that the district court issued its order months after the response was filed late was of no moment: rather, the court must

look at the circumstances as they existed at the time. 442 F. 3d at 607. When I granted Piggee the extension that he requested, I couldn't have been clearer when I said that "absolutely no further extensions will be granted" [DE 119 at 3]. Piggee cannot be permitted to escape that warning by simply failing to seek an extension and filing his response after the court-ordered deadline, especially given the abysmal history of the prosecution of this case.

What is more, there is no question that allowing Piggee to blow off yet another deadline – and extend this case even further – would cause the Marriott prejudice. As noted in the Marriott's Memorandum in Opposition to the Plaintiffs' Second Motion to Continue, "at some point a line must be drawn. Defendants have endured this case for nearly four years and had significant hurdles in obtaining even the most basic discovery responses" [DE 118 at 2]. Piggee's repeated delays here have resulted in the pendency of the Marriott's Motion for Summary Judgment for nearly six months.  And Piggee has provided no explanation to the court for his delayed filing.

In sum, Piggee's repeated delays, both before and after this case's detour to the Court of Appeals, demonstrates his lack of regard for this Court's deadlines. In any event, I cannot find that excusable neglect exists when Piggee hasn't responded to the motion and thus given me a explanation to enable me to exercise my discretion. I will therefore **GRANT** the Marriott's Motion to Strike Plaintiffs' Untimely Filed Memorandum in Opposition to Defendants' Motion for Summary Judgment [DE 125]. A decision on the Marriott's Motion for Summary Judgment [DE 107] will be forthcoming.

**SO ORDERED.**

Entered: August 15, 2012.

s/ Philip P. Simon<br>PHILIP P. SIMON, CHIEF JUDGE<br>UNITED STATES DISTRICT COURT