UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES A. PIGGEE, individually, and as an officer of G.E.M.S., Inc., and DOES 1-149, yet unidentified African Americans, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:08-CV-107-PPS |
| COLUMBIA SUSSEX CORP., COLUMBIA PROPERTIES BATON ROUGE, LTD., d/b/a/ Baton Rouge Marriott, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

In April 2006, James Piggee took a group of African-American high school students from Gary, Indiana on a college tour through some southern states. Prior to leaving on the trip, Piggee made reservations for the group to stay at the Baton Rouge Marriott, but the following day, the Marriott cancelled the reservation. Piggee was unable to secure other lodging for the group before they embarked on their travel, and instead of cancelling the trip, Piggee loaded up the busses and headed south without any secured lodging for the night. They ended up sleeping on the bus for a night. Piggee and a large number of students sued the Marriott for discrimination and breach of contract. Only the breach of contract claim remains, and the Marriott has filed a motion to dismiss a number of the plaintiffs who failed to appear for their depositions [DE 132]. None of the plaintiffs has responded to the motion. For the reasons stated below, the motion is now **GRANTED**.

**BACKGROUND**

This case has dragged on for years, due in large part to the Plaintiffs' failure to participate in the discovery process and to timely participate in the litigation. While not included at length in the Marriott's motion to dismiss, some discussion of the history of the Plaintiffs' conduct in this case is necessary to place the present motion into some context. In November 2010, I granted Defendants' requests to dismiss some 200 Plaintiffs for their repeated failure to participate in discovery [DE 81 at 5-6]. At oral argument on the motion for sanctions, Plaintiffs' counsel admitted that he had not even communicated with most of the then-Plaintiffs (at the time, there were over 250) [*Id.* at 7-8].[1] Based on that failure, I ordered Plaintiffs' counsel to pay the Marriott's reasonable expenses incurred in preparing the motion for sanctions [*Id.*]. The Seventh Circuit Court of Appeals affirmed that decision, and noted the Plaintiffs' pattern of delay and non-compliance had produced less-severe sanctions that were of no moment to Plaintiffs, necessitating dismissal. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191-92 (7th Cir. 2011).

Following the Plaintiffs' unsuccessful appeal, the Marriott moved for partial summary judgment [DE 107]. Rather than responding to the motion, Piggee sought and obtained two extensions of time in which to respond [DE 115; DE 116; DE 117; DE 119]. In granting the second request for an extension, which was rightly opposed by the Marriott on the grounds of the Plaintiffs' track record in this case, I specifically noted that I did so "reluctantly" and that "absolutely no further extensions [would] be granted. [DE 119]. Piggee then blew the twice-extended deadline and simply filed his response late and without leave of court [DE 120]. The

---

[1] Despite the numerous Plaintiffs in this case, counsel has not sought class certification [DE 81 at 2]. However, Plaintiff Piggee has assumed the role of the lead plaintiff, and for simplicity, I refer to the Plaintiffs as "Piggee."

Marriott moved to strike the response [DE 125], and I granted the motion, noting that "Piggee's repeated delays, both before and after this case's detour to the Court of Appeals, demonstrates his lack of regard for this Court's deadlines" [DE 134].  In other words, the Plaintiffs have been warned, over and over again, that failure to participate in discovery and to comply with court orders has consequences.

Against this backdrop, we come to the facts underlying the present motion: the Marriott served a Notice of Deposition on plaintiffs' counsel on April 27, 2012, noticing the depositions of forty-two plaintiffs [DE 133-1].  The depositions were to take place from June 25 through June 29, 2012 [*Id.*].  Discovery was to conclude on June 30, 2012.  Although many Plaintiffs did appear for their depositions, Plaintiffs Keith Boyd, Megan Brown, Tamika Clay, Ashley Gary, Vinchessica Gray, Angelique Hill, Jazmine Jackson, Darrika Johnson, Kandice Johnson, Samantha Lowe, Kiara Moten, Kamisha Titus, Hutchen Upshaw, Briana Ursery, Lisa Varnado, and Harrison Yancy failed to appear for their properly-noticed depositions [DE 133-2].  The Marriott has now requested that these Plaintiffs be dismissed from the lawsuit for failure to participate in discovery, pursuant to Federal Rule of Civil Procedure Rule 37(d)(1)(A)(1), and request that the Court award the Marriott its reasonable expenses, including attorney's fees, from the failure to participate in discovery, pursuant to Federal Rule of Civil Procedure 37(d)(3).  None of the Plaintiffs has responded to the motion to dismiss, and the time for doing so has now passed.

## **DISCUSSION**

Federal Rule of Civil Procedure 37(d) addresses a "Party's Failure to Attend Its Own Deposition," among other litigation sins.  In particular, Rule 37(d)(1)(A)(I) permits a court to order sanctions upon a party's motion where "a party . . . fails, after being served with proper

notice, to appear for that person's deposition." Pursuant to Rule 37(d)(3), sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), which includes "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Sanctions under Rule 37 require a finding that the offending party acted with willfulness, bad faith, or fault; dismissal should be imposed only if 'proportionate to the circumstances.'" *Holt v. Loyola Univ. of Chicago*, 2012 WL 6584444, at *2 (7th Cir. Dec. 18, 2012) (finding that district court would have been justified in finding willfulness and granting Rule 37 dismissal based on plaintiff's knowledge of scheduled dates and court's warnings about dilatory behavior) (quoting *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009)); *see also Brown,* 664 F.3d at 190 ("Rule 37 . . . requires a finding of willfulness, bad faith or fault on the part of the defaulting party"). There is some Seventh Circuit authority that such a finding must be by clear and convincing evidence, *see Maynard v. Nguyen*, 332 F.3d 462, 471 (7th Cir. 2003), but the proper standard is more likely a preponderance of the evidence. *Negrete v. Nat'l. R.R. Passenger Corp.*, 547 F.3d 721, 724, n.1 (7th Cir. 2008); *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 564 (7th Cir. 2007). A party's failure to sit for his or her deposition can result in Rule 37 dismissal of his or her case. *Collins*, 554 F.3d at 695-96.

The pattern of delay on the Plaintiffs' part, coupled with their most recent failure to participate in discovery, counsels in favor of granting the Defendants' request for dismissal, because "as soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with swift decision." *Newman v. Metro., Pier & Exhibition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992). The Plaintiffs have been sanctioned numerous times throughout this litigation, but to no avail. To say that the Plaintiffs have shown a "pattern of noncompliance with the court's discovery orders" is an understatement. *Id.* This pattern, coupled with

Plaintiffs' most recent failure to appear for their own depositions, without providing any reason for failing to do so, is clear evidence that the Plaintiffs are acting willfully and with bad faith.

The facts of this case are more egregious than those in *Collins*: there, the plaintiff appeared for her deposition, but refused to wait while a magistrate judge was contacted to address her objections to the deposition, and "she gave no legitimate reason for walking out of her deposition." 554 F.3d at 696-97. In this case, the Plaintiffs at issue did not even appear for their properly-noticed depositions at all, and there is no evidence that they – or their counsel, who appears to have communicated the need to attend the depositions to his other clients – have provided any reason whatsoever for those failures. Moreover, the failure to respond to the motion to dismiss is further evidence of the Plaintiffs' willful disregard for the discovery process. The Plaintiffs have waived their opportunity to proffer any legitimate reason for their failure to appear, and the Court is left to presume that there is none.

Though the sanction of dismissal is harsh, in this case, it is reasonable, given the Plaintiffs' refusal to participate in the litigation by attending their own depositions in a case that has been pending for over four years and has been plagued by failures on the part of the Plaintiffs to participate in discovery and to abide by the Court's deadlines. *See Collins*, 554 F.3d at 696 ("Although dismissal is a harsh penalty, we review all discovery sanctions for abuse of discretion and will uphold a district court's decision so long as it could be considered reasonable") (citing *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Maynard*, 332 F.3d at 467). Accordingly, the claims of the Plaintiffs who have failed to appear for their depositions are DISMISSED.

The Defendants have also requested that the Court award them reasonable expenses, including attorney's fees, for the Plaintiffs' failure to appear for their depositions [DE 133 at 3-

4]. Federal Rule of Civil Procedure 37(d)(3) provides that in addition to the sanctions outlined in Rule 37(b)(2)(A), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." For the reasons outlined above, the Plaintiffs' failure to appear at their depositions was not justified, so I will award the Defendants the costs and fees that they incurred in preparing for the depositions that did not take place and for preparing the present motion. This leaves the matter of determining who should be responsible for these expenses. Rule 37(d) permits the Court to hold the parties or their attorney (or both) responsible for the expenses. Under the circumstances here, it appears that Plaintiffs' counsel at least contacted the Plaintiffs about appearing for the depositions, as evidenced by the appearance of a number of Plaintiffs, and that it was the non-appearing Plaintiffs themselves who bear the responsibility for failing to appear and for necessitating the present motion. Thus, the Plaintiffs who failed to appear should bear these costs.

# CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss Claims of Plaintiffs not Appearing for Noticed Depositions and for Attorney Fees and Costs [DE 132] is **GRANTED**. Plaintiffs Keith Boyd, Megan Brown, Tamika Clay, Ashley Gary, Vinchessica Gray, Angelique Hill, Jazmine Jackson, Darrika Johnson, Kandice Johnson, Samantha Lowe, Kiara Moten, Kamisha Titus, Hutchen Upshaw, Briana Ursery, Lisa Varnado, and Harrison Yancy are **DISMISSED WITH PREJUDICE**. Because the Court finds that the Defendants' request for reasonable costs and attorney's fees is appropriate, the Defendants **SHALL FILE** a bill of costs, as contemplated by Fed. R. Civ. P. 37, for those expenses. The bill of costs is due by March 15, 2013. Plaintiffs may file any objections to the bill of costs by March 22, 2013.

**SO ORDERED.**

ENTER: February 15, 2013

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT